DAVID I. KAPLAN *et ux. vs.* ARTHUR GROSSMAN.

APRIL 9, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass and ejectment which was tried in the superior court by a justice thereof sitting without a jury. He rendered a decision for the plain-

tiffs and the defendant has duly prosecuted his bill of exceptions to this court.

He is pressing four exceptions. Three of these are to the admission in evidence of the following exhibits on behalf of the plaintiffs: (1) A certificate relating to eviction issued to the plaintiff David I. Kaplan, hereinafter referred to as David, by the Providence area rent office of the federal office of price administration, under the emergency price control act of 1942, as amended, and the rent regulation for housing issued thereunder; (2) a copy of a notice to quit given by the plaintiffs to the defendant which was sent to the office of price administration; and (3) a copy of a notice sent to the rent director informing him of the commencement of the present action. The defendant's fourth exception is to the decision of the trial justice.

The evidence shows that on January 30, 1946 the plaintiff David purchased the property involved, namely, a dwelling house containing two tenements, situated in Providence, in this state, his intention being to personally live in the tenement then occupied by the defendant. Shortly thereafter, and while unmarried, he filed a petition in the office of price administration for a certificate of eviction. This was issued to him under date of March 22, 1946, action thereunder to be commenced not sooner than six months from February 7, 1946. The plaintiff David, on February 10, 1946, married the plaintiff Phyllis S. Kaplan, and on March 24, 1946 a deed was executed by him placing the title to the property in the names of both plaintiffs as joint tenants. The present action was begun by writ dated September 4, 1946.

In support of his exceptions the defendant contends that the plaintiffs should not prevail, because in their declaration there is no allegation that they had obtained a certificate of eviction and had thereafter given the office of price administration notice of the various steps being taken to press the instant action against the defendant. The latter argues that these allegations are necessary in a trespass and ejectment case of this kind. The declaration was not demurred to, and

the defendant admits that it is good for any action of trespass and ejectment except one where housing accommodations are involved, as here.

In our opinion it is not necessary that the above allegations be set out in the present declaration, which we find to be good and sufficient. Nothing in the rent regulation for housing or in any statute has been brought to our attention which requires a landlord to set out in his declaration in ejectment proceedings the obtaining of a certificate of eviction from, or the giving of any notice to, the office of price administration. Apparently the only purpose of the pertinent rent regulation for housing is to determine if and when the ejectment action may be commenced, but not *how* it is to be brought. Once having obtained his certificate of eviction a party plaintiff needs to proceed, as far as pleading is concerned, only according to the rules of the local law. Whether or not the pertinent requirements of the rent regulation and of the office of price administration have been met must be established by the landlord at the time of the trial by satisfactory proof. That was done in the instant case.

The defendant also urges that the certificate of eviction offered in evidence was insufficient and invalid, because it was issued merely to the plaintiff David whereas the present action was brought in the names of David and his wife Phyllis. In our judgment this contention is without merit. The evidence here shows that the plaintiffs sued as joint owners of the property involved. A similar question was recently before this court in a trespass and ejectment case brought by cotenants, the certificate of eviction therein having been issued to one of them only. The court decided that the fact that the certificate was in the name of only one of the plaintiffs was nothing of which the defendant could take advantage by way of defense to the action. *Whitman* v. *Curtin,* 72 R. I. 341.

In that case we held in substance that the findings contained in the certificate and its issuance removed the tenant from the protection of the federal law and left the state law

to operate, in connection with his tenancy, as though the federal law did not exist. We also in that case used the following language: "Whether the certificate was obtained by one or both of the landlords, holding as cotenants, is no concern of the state court, so long as it was properly obtained and the rent director is not setting up any objection to its sufficiency to enable ejectment proceedings to be brought against the defendant within the limitations of the certificate." The rent director has never attempted to intervene in the instant case, although the office of price administration has received due notice of the progress of the case. In our opinion the above question raised by the defendant herein is governed by our decision in the *Whitman* case, *supra*.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Irving Brodsky,* for plaintiffs.

*Harold S. Moskol,* for defendant.